IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMERE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09 - 1409 |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| DANA A. PHILLIPS, CEO of Medical | ) | |
| Department of Allegheny County Jail, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.     RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by Defendant Dana Phillips (doc. no. 9) be denied.

## II.     REPORT

Plaintiff is a pre-trial detainee confined at the Allegheny County Jail (ACJ).   He commenced this action against Defendant Dana Phillips, CEO of the Medical Department of the ACJ alleging that he was denied adequate medical care in violation of the United States Constitution.   For the reasons that follow, Defendant's motion should be denied.

A. Standard of Review

Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) (doc. no. 9).   A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.   In order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556

(2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss.   Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents.  Id. (citations omitted).  Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment.  Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).  See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688 ).

B. Plaintiff's Allegations

In a letter attached to his Complaint, Plaintiff makes the following allegations. Plaintiff was committed to the ACJ on September 28, 2008 as a pre-trial detainee. Prior to that time, in June of 2007, Plaintiff suffered a stroke. As a result, Plaintiff was examined by a neurosurgeon, Dr. Hassan Beijani, who determined that surgical intervention was necessary for a cervical cord synex (doc. no. 4, p. 5). Prior to his arrest, Plaintiff's surgery was scheduled for October 26, 2008.

On the day that he was incarcerated at the ACJ, Plaintiff informed the intake nurse of his scheduled surgery and was assured that everything would be taken care of. When his scheduled surgery date passed without any arrangements made for his surgery, he wrote numerous complaints to the medical department, including Defendant Dana Phillips, concerning his deteriorating medical condition and asking that his doctor be contacted. In response, Plaintiff was informed that there was nothing anyone could do.

C. Liability under 42 U.S.C. § 1983

Plaintiff seeks to assert liability against Defendants pursuant to Civil Rights Act, 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

As a pre-trial detainee, Plaintiff's claim invokes the protections of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520 (1979).

In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process, we think that the proper inquiry is whether those conditions amount to punishment prior to an adjudication of guilt in accordance with law. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.

*Id*. at 535 (citations omitted).

In <u>Bell</u>, the Supreme Court announced the following test for determining whether the conditions of confinement for pre-trial detainees violated the Fourteenth Amendment.

A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees. Courts must be mindful that these inquiries spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility.

<u>Bell v. Wolfish</u>, 441 U.S. at 538-539 (internal quotations and citations omitted).

The Court of Appeals for the Third Circuit reviewed this standard in <u>Hubbard v. Taylor</u>, 399 F.3d 150, 158-159 (3d Cir. 2005) (Hubbard I). In <u>Hubbard</u>, the Court of Appeals acknowledged that <u>Bell</u> required the courts to engage in a two-step analysis:

we must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes. In assessing whether the conditions are

reasonably related to the assigned purposes, we must further inquire as to whether these conditions cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them. Our inquiry into whether given conditions constitute "punishment" must therefore consider the totality of circumstances within an institution.

Hubbard, 399 F.3d at 159 (internal quotations and citations omitted).

Using this analysis, it appears Plaintiff's allegations state a claim for relief under the Fourteenth Amendment. Plaintiff alleges that on September 28, 2008, he informed ACJ authorities that he was scheduled for surgery on October 26, 2008 and that everything would be taken care of. When the date passed, he made numerous inquiries to the medical department, which, according to him, all were ignored. Under the two-part inquiry, the Court is at a loss to determine what legitimate government purpose was served by allowing Plaintiff to believe that his surgery would be provided and then ignoring his requests for medical attention after the fact. Plaintiff has included documentation that he has been medically diagnosed with a condition that requires surgical intervention. Defendant is the healthcare administrator at ACJ and, therefore, has an obligation to address Plaintiff's concerns or, at the very least, to ensure that someone at ACJ addresses his medical concerns. Moreover, Plaintiff has provided documentation that he made several inquiries specifically to Defendant Phillips such that she should have been on notice of his claims.

In short, Plaintiff's allegations, accepted as true as this Court must, state a claim against Defendant Phillips for failure to provide adequate medical care. This Court can not determine whether any legitimate purpose was served by the denial of medical treatment. Nor can it determine whether the alleged failure to provide care was rationally related to such legitimate

governmental purposes.  Thus, the motion to dismiss Plaintiff's claims against Defendant Phillips

should be denied.

## III.    CONCLUSION

It is respectfully recommended that the motion to dismiss filed by Defendant Phillips (doc.

no. 9) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and

Local Rule 72.1.4 B, the parties are allowed fourteen (14) days from the date of service to file

written objections to this report.  Any party opposing the objections shall have fourteen (14) days

from the date of service of objections to respond thereto.  Failure to timely file objections may

constitute a waiver of any appellate rights.


_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: July 12, 2010

cc:    Jamere Moore
       117551
       Allegheny County Jail
       950 Second Avenue
       Pittsburgh, PA 15219-3100