IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMERE MOORE, | ) | |
| PLAINTIFF, | ) | C.A. No. 09-1409 |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| DANA PHILLIPS | ) | ECF No. 35 |
| | ) | |
| DEFENDANTS. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (ECF No. 35) be denied.

### II. REPORT

Plaintiff is a pre-trial detainee confined at the Allegheny County Jail (ACJ). He commenced this action against Defendant Dana Phillips, CEO of the Medical Department of the ACJ alleging that he was denied adequate medical care in violation of the United States Constitution. Although Plaintiff's complaint form does not contain many factual allegations, in a letter attached to his Complaint, Plaintiff makes the following allegations. Plaintiff was committed to the ACJ on September 28, 2008 as a pre-trial detainee. Prior to that time, in June of 2007, Plaintiff suffered a stroke. As a result, Plaintiff was examined by a neurosurgeon, Dr. Hassan Beijani, who determined that surgical intervention was necessary for a cervical cord synex (doc. no. 4, p. 5). Prior to his arrest, Plaintiff's surgery was scheduled for October 26, 2008.

On the day that he was incarcerated at the ACJ, Plaintiff informed the intake nurse of his scheduled surgery and was assured that everything would be taken care of. When his scheduled

surgery date passed without any arrangements made for his surgery, he wrote numerous complaints to the medical department, including Defendant Dana Phillips, concerning his deteriorating medical condition and asking that his doctor be contacted. In response, Plaintiff was informed that there was nothing anyone could do.

On March 31, 2011 Plaintiff filed an Amended Complaint without leave of court, attempting to add the majority of the allegations asserted in the present motion. That document was stricken as being filed without leave of court. No motion for leave has been filed.

Presently pending before the Court is a Request for a preliminary injunction filed by Plaintiff. In his Motion, Plaintiff makes numerous complaints. He complains that his pills are being crushed when given to him. He states that one of the nurses gave him the wrong medicine but he gave it back. He alleges that his food tray has been tampered with but provides no explanation for this, he further asserts that his food is to salty. He states that he has high blood pressure and that he was rushed to the hospital. No further information is given regarding this incident. He alleges that the corrections officers make racial slurs. He alleges that he is being "locked up" for "anything" or "nothing". He complains that he is not getting his mail on a regular basis. Finally he avers that he is been complaining about a pain in his right side. No other specific information is provided.

The sole defendant, Dana Phillips, filed a response arguing that Plaintiff is requesting the Court to manage the medical care he receives at the Allegheny County Jail. She further states that while she is the Chief Operating Officer of Allegheny Correctional Health Services, Inc., she does not administer drugs or C patients.. She clearly does not control the operations of the Jail or the corrections officers. She also does not control the food served to inmates. As Defendant further points out, plaintiff is not claiming that his crushed medicines are inadequate or improper or otherwise harmful. She avers that the medicines are placed in a water solution that must be fully consumed in front of the nurse providing the medications to

assure that inmates at the jail actually ingest the medication.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir.1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)). The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995).

Instantly, there are two major problems with Plaintiff's request for injunctive relief. First of all, the only claim him as set forth in his complaint him involves the denial of surgery. Plaintiff is currently at the Allegheny County Jail and seeks an injunction concerning a number of different forms of relief that are not requested in the complaint or at all related to that claim. This is not permissible. *See, e.g.*, Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate

3

medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); Spencer v. Stapler, Civ. No. 04-1532, 2006 WL 2052704, *9 (D. Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the Defendants. Plaintiff's request will therefore be denied."); Westbank Yellow Pages v. BRI, Inc., Civ. No. 96-1128, 1996 WL 255912, *1, (E.D. La. May 13, 1996)("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action."); Williams v. Platt, 2006 WL 149024, *2 (W.D. Okla. Jan. 18, 2006) ("The complaint addresses two matters at the Logan County Jail: (1) the denial of medical treatment between March and June 2001; and (2) the promotion of an inmate assault on November 8, 2001. In his requests for injunctive relief, the Plaintiff addresses matters at a separate facility, involving harassment, conspiracy, denial of a bottom bunk, and confiscation of legal materials. A preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint.")(footnotes omitted).

Moreover, there is a "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed. Cir.1996) (citing Scott v. Donald, 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit.")). Most of the actions alleged by Plaintiff or not under the control of this defendant and would be better trip directed toward the Allegheny County Jail. Indeed, courts have refused to issue injunctions against non-parties. *See* U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC, 523 F.Supp.2d 328, 334-35 (S.D.N.Y. 2007) (the court denied the defendant's motion for a preliminary injunction against the Federal Energy Regulatory Commission because it was not a party to the suit and it was not an "officer, agent, servant, employee, or attorney" of any party); Williams v. Platt, Civ. No. 03-281-C, 2006 WL 149024 at *2 (W.D. Okla. Jan.18,

2006) (unpublished) (the court denied the plaintiff's motion for an injunction noting that he had "not established a relationship between the preliminary injunction and the underlying civil rights claim, and he seeks to bind non-parties without any suggestion of active concert or participation by the named defendants"). Moreover, once a court has issued an injunction against a party, that injunction may only be enforced against non-parties that are officers, agents, servants, employees, or attorneys of a party, or ones that are in active concert or participation with such non-parties or the party itself. Fed. R. Civ. P. 65(d)(2). To be bound by an injunction, a "non-party must have constructively had his day in court." Harris County, Tex. v. CarMax Auto Superstores Inc., 177 F.3d 306, 314 (5th Cir. 1999) ("the relevant inquiry is ... whether [the non-party] had such a key role in the corporation's participation in the injunction proceedings that it can be fairly said that he has had his day in court in relation to the validity of the injunction." ) (citation omitted) (emphasis in original).

In addition, there is nothing the Plaintiff has alleges that sets forth a claim for irreparable harm. He may not like the way his pills are being provided, he may be dissatisfied with the mail process, he may be frustrated with the level of salt in his food, but nothing here will cause him to suffer immediate harm. These are all items that should be pursued and indeed, are required to be pursued, through the institution's grievance process prior to being brought to the attention of a federal court. Plaintiff is trying to circumvent this grievance process by having this Court monitor and intervene in his incarceration. A preliminary injunction is an inappropriate method for pursuing relief of these issues. Plaintiff should grieve his issues and file a separate lawsuit against the proper parties. Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

### III. CONCLUSION

It is respectfully recommended that Plaintiff's Motion for Injunction (ECF No. 35) be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. §

636(b)(1)(B) & (C) and Rule 72 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights. <u>Brightwell v. Lehman</u>, ___ F.3d ___, 2011 WL 635274 (3d Cir. February 9, 2011).

Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: April 27, 2011

cc: Ronald Banks, DZ-5843
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510