IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMERE MOORE, | ) |
| | ) |
| | ) Civil Action No. 09 - 1409 |
| Plaintiff, | ) |
| | ) District Judge Nora Barry Fischer |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| DANA A. PHILLIPS, CEO of Medical | ) |
| Department of Allegheny County Jail, | ) |
| | ) |
| | ) |
| Defendant. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Motion for Summary Judgment filed by Defendant Dana Phillips (ECF. No. 30) be granted.

**II.   REPORT**

Plaintiff is a pre-trial detainee confined at the Allegheny County Jail (ACJ). He commenced this action against Defendant Dana Phillips[1] alleging that he was denied adequate medical care in violation of the United States Constitution. For the reasons that follow, Defendant's motion should be granted.

---

1 Ms. Phillips is the Chief Operating Officer of Allegheny Correctional Health Services, Inc., a nonprofit corporation set up within the Allegheny County Health Department to assume the responsibility for medical care at the Allegheny County Jail.

A. Standard of Review

Defendant has filed a motion for summary judgment pursuant to Fed. R. Civ. Proc. 56. Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. Rule Civ. Proc. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth specific facts showing that there is a genuine issue for trial or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Fed. Rule Civ. Proc. 56(c). *See also* Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The inquiry, then, involves determining " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991) (quoting Anderson, 477 U.S. at 251-52). If a court concludes

that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50.

In addition, the Local Rules of Court for the Western District of Pennsylvania specifically require a party filing a motion for summary judgment to also file a concise statement of material facts along with an appendix of documents referenced in the concise statement. The Local Rules further require a party responding to a motion for summary judgment to file a responsive "counter" statement of material facts which responds to each numbered paragraph in the moving party's statement of facts by admitting or denying whether each fact contained in the movant's statement of facts is undisputed and/or material setting forth the basis for the denial if any fact. *See* L.R. 56.1(C)(1)(a) & (b). Under our Local Rules, material facts set forth in a moving party's statement of facts will be deemed admitted for the purpose of deciding the motion for summary judgment "unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." *See* L.R. 56.1(E). Courts in this district strictly apply Local Rule 56 and deem uncontroverted facts to be admitted. *See* Enigh v. Miller, Civil No. 08-1726, 2010 WL 2926213 (W.D. Pa. July 23, 2010) (collecting cases).

B. Uncontroverted Statement of Facts

In June of 2007, Plaintiff suffered a stroke. As a result, he was examined by a neurosurgeon, Dr. Hassan Beijani, who determined that surgical intervention was necessary for a cervical cord synex causing neurological compromise. The doctor also noted that a "Chiari Type I malformation" was present and that timely surgical intervention was medically necessary. Accordingly, Plaintiff was scheduled for surgery on October 26, 2008 at Presbyterian University Hospital. Unfortunately, Plaintiff was committed to the ACJ on September 28, 2008 as a

pre-trial detainee. On the day that he was incarcerated at the ACJ, Plaintiff informed the intake nurse of his scheduled surgery.[2] When his scheduled surgery date passed without any arrangements made for his surgery, he wrote numerous complaints to the medical department, including Defendant Dana Phillips, concerning his deteriorating medical condition and asking that his doctor be contacted.

Plaintiff told the medical staff at the Allegheny County Jail that he was under the care of Dr. Gena Ghearing, University of Pittsburgh Medical School, Department of Neurology. On March 23, 2009, Plaintiff was examined by the medical staff at the ACJ who contacted the office of Dr. Ghearing who informed them that the surgery could wait until he was out of jail.

Notwithstanding, Plaintiff's surgery was performed on December 7, 2009 at Shadyside Hospital where he remained for three days. After, he was returned to the Allegheny County Jail where he spent six months in the Allegheny County Jail infirmary due to complications from the surgery. During this time, he was under the care of Dr. Young and Dr. Solomon. Also during this time, Plaintiff had cysts removed from the right side of his head and another from his right index finger. Finally, due to his assertion of leg problems, he was seen by the medical Department where he received Motrin and Neurontin for pain.

## C. Liability under 42 U.S.C. § 1983

Plaintiff seeks to assert liability against Defendants pursuant to Civil Rights Act, 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting

---

[2] Plaintiff's knowledge of the date of his surgery was received indirectly. In his deposition, plaintiff stated that "I talked to my cousin, and she had said she talked to the doctor, and she had said the doctor informed her that I had surgery scheduled for October."

under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

As a pre-trial detainee, Plaintiff's claim invokes the protections of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520 (1979).

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process, we think that the proper inquiry is whether those conditions amount to punishment prior to an adjudication of guilt in accordance with law. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.

*Id*. at 535 (citations omitted).

In Bell, the Supreme Court announced the following test for determining whether the conditions of confinement for pre-trial detainees violated the Fourteenth Amendment.

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees. Courts must be mindful that these inquiries spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility.

Bell v. Wolfish, 441 U.S. at 538-539 (internal quotations and citations omitted).

The Court of Appeals for the Third Circuit reviewed this standard in Hubbard v. Taylor, 399 F.3d 150, 158-159 (3d Cir. 2005) (Hubbard I). In Hubbard, the Court of Appeals acknowledged that Bell required the courts to engage in a two-step analysis:

> we must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes. In assessing whether the conditions are reasonably related to the assigned purposes, we must further inquire as to whether these conditions cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them. Our inquiry into whether given conditions constitute "punishment" must therefore consider the totality of circumstances within an institution.

Hubbard, 399 F.3d at 159 (internal quotations and citations omitted).

Using this analysis, it is apparent that the relevant facts are insufficient to state a claim for relief under the Fourteenth Amendment. For reasons of security, an inmate at the Allegheny County Jail is never informed of the date of an outside medical appointment. Therefore, if Plaintiff knew of the specific date for his surgery in October, 2008, the medical staff at the Allegheny County Jail would not honor that date for security reasons. This is a legitimate government purpose. Moreover, any delay in his surgery was rationally related to this purpose. The facts show that the medical department at ACJ contacted Plaintiff's doctor who told them that surgery could wait until he was out of jail. Moreover, Plaintiff did receive his surgery while incarcerated and was provided ongoing care by the medical staff at ACJ. Finally, he has not submitted any evidence to show that he suffered any injury as a result in the delay. Thus, he has not demonstrated that there was any "punishment" caused by the delay in surgery for purposes of

stating a Due Process violation.  Consequently, Defendants' Motion for Summary Judgment should be granted.  *Accord* Jones v. Burlington County Bd. of Chosen Freeholders, Civil No. 11-1373, 2011 WL 1892331, 2 (3d Cir. May 19, 2011) (holding that plaintiff's conclusory statement that the defendants did not "provide adequate medical attention" was insufficient to withstand a motion for summary judgment); Thrower v. Alvies, Civil No. 10-4311, 2011 WL 1632667, 2 (3d Cir. May 2, 2011) (affirming grant of summary judgment as plaintiff unable to show that the medical care provided by the defendants amounted to "punishment"); Bendy v. Ocean County Jail, Civil No. 06-2616, 2006 WL 1867194, 4 (D.N.J. June 30, 2006) (*sua sponte* dismissing prisoner's claim under the PLRA because Plaintiff alleged no facts indicating that he was being subjected to punishment as a pretrial detainee based on his medical care).

## III. CONCLUSION

It is respectfully recommended that the Motion For Summary Judgment filed by Defendant Phillips (doc. no. 30) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to timely file objections will constitute a waiver of any appellate rights.

                Lisa Pupo Lenihan
                U.S. Magistrate Judge

Dated:  August 2, 2011

cc:    Jamere Moore

117551
Allegheny County Jail POD 3
950 Second Avenue
Pittsburgh, PA 15219-3100